UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIAN
FORT WAYNE DIVISION

| TYQUAN STEWART, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 1:17-CV-273 |
| v. | ) | |
| | ) | |
| ALLEN COUNTY JAIL, CORRECTIONAL OFFICER JACKSON, AND UNKNOWN EMPLOYEE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Tyquan Stewart ("Stewart"), *pro se,* has filed a civil rights complaint against the Allen County Jail, and two correctional officers, one of which is identified as "unknown employee," along with a Petition to Proceed *In Forma Pauperis*. [DE 2]. For the following reasons, the Petition will be GRANTED.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $400 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

1

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Petitioner states that he is unemployed, has seven (7) dependents[1] and is supported entirely by his grandparents. Based on this income information, it appears that he is financially eligible for *in forma pauperis* status.

The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it does not fall within the court's jurisdiction, is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

Stewart's complaint attempts to sue the Allen County Jail because he claims his rights were violated during his time in custody. However, the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Thus, the jail is not a proper defendant and must be dismissed from the suit.

Stewart's complaint also identifies one of the defendants as "unknown employee." However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, this defendant will be dismissed.

This leaves Stewart's complaint against "Correctional Officer Jackson." A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual

---

[1] In another IFP petition filed in this Court subsequent to the present case, Stewart states he has no children under the age of 18 that he supports. Either way, Stewart does not have the financial means to pay the filing fee.

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Stewart appears to make two claims of alleged constitutional deprivations in his complaint. The first is a conditions of confinement claim in which he contends he lost weight because he was not receiving the proper nutrients. He has identified "unknown employee" as the individual who allegedly denied him proper nutrition and he does not set forth any facts as to what "nutrients" he was not receiving. As indicated previously, a claim against "unknown employee" is insufficient to maintain a claim for relief. Stewart also does not identify Correctional Officer Jackson as having participated in this alleged deprivation of rights. This is fatal to this claim because section 1983 requires a plaintiff to establish that each defendant " 'was personally responsible for the deprivation of a constitutional right.'" *Knight v. Wiseman*, 590 F.3d 458, 462–63 (7th Cir. 2009) (citation omitted) (quoting *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006)). Here, Stewart has not alleged any identified defendant has participated in the violations he alleges with respect to his nutritional needs. As a result, he cannot proceed on his conditions of confinement claim.

3

Stewart's second complaint appears to be a claim under the Eighth Amendment for denial of proper medical care. Stewart does not indicate if he was a pre-trial detainee when he alleges these events occurred. "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).[2]

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, Stewart alleges that "Correctional Officer Jackson was negligent in informing the proper officials of my medical condition." He goes on to state that he informed Officer Jackson

---

[2] **Error! Main Document Only.**See also *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee medical claims).

that he "was feeling dizzy and lightheaded because of my high blood pressure." He then indicates that as a result of not being treated he "fainted, fell, and hit the back of my head." Complaint, p. 2. While these are bare-bone allegations, at this early stage of the litigation the court asks only whether the complaint, liberally construed, *Arnett v. Webster,* 658 F.3d 746, 751 (7th Cir. 2011), and drawing all reasonable inferences in his favor, *Thulin v. Shopko Stores,* 771 F.3d 994, 997 (7th Cir. 2014), contains facts sufficient to state a plausible Eighth Amendment claim against Officer Jackson. The Court believes that it has. The Court emphasizes that this conclusion is simply a pre-screening function performed by this court before discovery, before submission of any evidence, and before the defendant is even served process. However, at least preliminarily, the Plaintiff has alleged that he suffered from a serious medical condition (high blood pressure), that he informed the Defendant of that condition, and the Defendant did not obtain medical attention for him prior to him fainting and hitting his head.

For these reasons, the court:

(1) **DISMISSES** Stewart's Complaint against the Allen County Jail and "Unknown Employee."

(2) **GRANTS** the plaintiff leave to proceed *in forma pauperis* (DE 2);

(3) **WAIVES** the filing fee; and

(4) **DIRECTS**, pursuant to 28 U.S.C. § 1915(d), the United States Marshals Service to effect service of process on the defendant.

By granting Plaintiff *in forma pauperis* status, the Court permits Plaintiff to proceed without *prepayment* of the filing fee. If Plaintiff's financial situation should improve during the course of litigation, e.g., if the Plaintiff should recover damages as a result of trial or settlement in

this action, Plaintiff will be required to repay the full filing fee prior to entry of the Court's final Order of Judgment or dismissal.

SO ORDERED.

ENTERED: September 13, 2017

s/ William C. Lee
United States District Court