UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:17-CV-273-WCL-PRC |
| ) | |
| JACKSON, Correctional Officer, ) | |
|     Defendant. ) | |

**ORDER**

This matter is before the Court on a Letter [DE 6], filed by pro se Plaintiff Tyquan Stewart on October 19, 2017; a Letter [DE 12], filed by Stewart on November 3, 2017; and a Request for Counsel [DE 20], filed by Stewart on December 20, 2017.

There is no constitutional or statutory right to counsel in a civil case. *Farmer v. Haas*, 900 F.3d 319, 323 (7th Cir. 1993); *see also Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). However, under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent a person who is unable to afford counsel in a civil case. *See Lindsay v. Milwaukee Police Dep't*, No. 08C0324, 2008 WL 1868621, at *1 (E.D. Wis. Apr. 23, 2008) (citing *Floyd v. United States Postal Serv.*, 105 F.3d 275-77 (5th Cir. 1997), *overruled on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999)) (finding that "Section 1915 is meant to ensure indigent litigants meaningful access to federal courts . . . and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated").

The decision to seek volunteer counsel rests in the discretion of the district courts, *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc), "unless denial would result in fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir.

1967); *see also McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).[1] "The general rule is that due process requires the provision of counsel to indigent litigants 'only where the litigant may lose his physical liberty if he loses the litigation.'" *Pruitt*, 503 F.3d at 657 (quoting *Lassiter v. Dept' of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981)).

Under the standard enunciated in *Pruitt*, when considering a request for counsel by a civil litigant, the district court is to make the following inquiries: (1) whether the litigant has made a reasonable attempt to retain counsel; and if so, (2) given the difficulty of the case, whether the litigant appears competent to litigate the matter himself. *See* 503 F.3d at 654 (citing *Farmer*, 990 F.2d at 321-22). The court must evaluate "'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Farmer*, 990 F.2d at 322 (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). The court's role in evaluating a pro se litigant's need for counsel is a continuing one. Judge Rovner, writing on behalf of four judges concurring with the ruling in *Pruitt*, reasoned, "a district court has an ongoing responsibility to monitor a pro se litigant's conduct of the litigation and to sua sponte reconsider the litigant's request for counsel when the court realizes that the services of a lawyer are essential to a full and fair hearing of the litigant's claim." 503 F.3d at 665.

Plaintiff is proceeding *in forma pauperis* in this matter. In his requests, Plaintiff represents that he has contacted several bar associations and two law firms without successfully obtaining counsel. The Court finds that Plaintiff has made a reasonable attempt to retain counsel.

However, given the relatively low difficulty of the case, the Court finds that Plaintiff is

---

[1] Although courts often use the expression "appointment of counsel" in these circumstances, the Seventh Circuit has recently reminded courts that there is no statutory authority to "appoint" counsel in a civil case, and that "all a district court can do is seek a volunteer." *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013).

competent to litigate this matter himself. Plaintiff represents that he seeks appointment of counsel because he is mentally ill. At the hearing, Plaintiff indicated that he suffers from PTSD and schizoaffective disorder, leading to difficulties with concentration and focus. Plaintiff attached a "Psychiatric/Psychological Impairment Questionnaire" that was completed by a treating nurse practitioner for what appears to be a social security disability benefits application. The Court has reviewed the form and finds that the degree of limitation indicated for the various mental work-related categories are not inconsistent with Plaintiff's ability to represent him in this civil litigation.

On December 20, 2017, the Court held a Rule 16(b) preliminary pretrial conference, which Plaintiff attended in person. At the conference, the Court had an opportunity to observe and speak with Plaintiff directly. Plaintiff was articulate and was able to explain the nature and factual basis of his complaint in this case. Plaintiff has successfully communicated with opposing counsel regarding setting the deadlines in this case. For example, at the hearing, Plaintiff was able to communicate and resolve his confusion regarding a certain deadline. In addition, the facts underlying this § 1983 action are relatively straightforward and are within Plaintiff's knowledge and understanding. He alleges that he was denied a proper diet during Ramadan and was not given his medication for high blood pressure while incarcerated.

The Court finds that, given the difficulty of the case and despite his possible mental impairment, Plaintiff is competent to represent himself in this case and hereby **DENIES** the Letter [DE 6], the Letter [DE 12], and the Request for Counsel [DE 20]. Plaintiff is free to continue to attempt to retain counsel on his own.

In addition, no certificate of service was filed with any of Plaintiff's filings. Federal Rule of Civil Procedure 5(d) requires that a certificate of service must be filed along with all papers filed with the court after the complaint, with the exception of certain discovery-related documents. See Fed. R. Civ. P. 5(d). Any future filings that do not contain a certificate of service may be stricken

without further warning.

SO ORDERED this 3rd day of January, 2018.

                                         s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT

cc:     Plaintiff, *pro se*