UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIAN
FORT WAYNE DIVISION

| TYQUAN STEWART, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Case No. 1:17-CV-273 |
| v. | ) |  |
|  | ) |  |
| CORRECTIONALOFFICER JACKSON | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**OPINION AND ORDER**

Before the Court is *pro se* Plaintiff, Tyquan Stewart's ("Stewart's") Motion for Request for Removal of Judge" [DE 22] wherein he seeks to have Magistrate Judge Paul Cherry removed as the Magistrate Judge in his case. For the following reasons, that Motion will be DENIED.

**DISCUSSION**

Stewart filed the present motion subsequent to Magistrate Judge Cherry's Order denying his multiple requests for appointment of counsel. [DE 21]. As noted, Stewart is proceeding *pro se* and has filed a civil rights action against Correctional Officer Jackson asserting that his serious medical condition was ignored while he was an inmate at the Allen County Jail and that he was denied a proper diet during Ramadan. In his various requests for counsel, Stewart asserted that he had made unsuccessful attempts to obtain counsel and, in addition, he stated that he had mental impairments that made proceeding *pro se* difficult. As proof of his mental impairment, Stewart submitted a "Psychiatric/Psychological Impairment Questionnaire" that was completed by a treating nurse practitioner for Stewart's social security disability benefits application. Stewart also

1

testified at a hearing that he had PTSD and schizophrenic disorder which lead to difficulties in concentrating and focusing.

After considering the record and the interactions between the Plaintiff and the Court, Magistrate Judge Cherry ultimately determined that "given the difficulty of the case and despite his possible mental impairment, Plaintiff is competent to represent himself in this case." [DE 21, p. 3]. In reaching this conclusion, the Magistrate Judge considered the Psychiatric/Psychological Impairment Questionnaire and found "the degree of limitation indicated for the various mental work-related categories are not consistent with Plaintiff's ability to represent him in this civil litigation." [*Id.*]. The Court further determined that its own observations of Stewart's abilities during the Rule 16(b) preliminary pretrial conference were such that it was clear to the court that Plaintiff was able to communicate with counsel, articulate and explain the nature and factual basis of his Complaint, and assert his case in a straightforward manner.

In his current Motion, however, Stewart asserts Magistrate Judge Cherry downplayed the seriousness of his mental impairments and was therefore showing personal bias against him. He requests the Court remove Magistrate Judge Cherry from the case. It is to this request that the Court now turns.

There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin,* 421 U.S. 35, 47 (1975). But where either the appearance of bias or actual bias of the presiding judge has been shown, recusal is warranted. 28 U.S.C. § 455. The appearance of bias provision, § 455(a), requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Seventh Circuit has held:

> Section 455(a) asks whether a reasonable person perceives a significant risk that
> the judge will resolve the case on a basis other than the merits. This is an objective

inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person.... Trivial risks are endemic, and if they were enough to require disqualification we would have a system of peremptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons.

*Hook v. McDade,* 89 F.3d 350, 354 (7th Cir.1996) (citations omitted).

Under subsection (b) of § 455, recusal is warranted where a judge "has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Under this section, the question is whether a reasonable person would be convinced that the judge was biased. *Hook,* 89 F.3d at 355. Disqualification for actual bias or prejudice "is a serious matter" and must be "proved by compelling evidence." *United States v. Balistrieri,* 779 F.2d 1191, 1202 (7th Cir.1985). "The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Balistrieri,* 779 F.2d at 1201.

Here, the dispute between Stewart and the Court has nothing to do with any evidence he has presented of personal animus or bias on the part of Magistrate Judge Cherry. Rather, it is based solely on his disagreement with the Magistrate Judge's Order denying his request for counsel. There is nothing in the record to support any allegation of negative bias or prejudice, and certainly no "compelling evidence" of the same. Instead, the Order from the Magistrate Judge considered all the evidence presented, the interactions of Stewart in court proceedings as observed by the Magistrate Judge, and the nature and complexity of the case to determine that *at this stage* appointed counsel is not warranted under the existing law. Stewart may always renew his request for counsel later in the proceedings if he has additional evidence to present or if the complexity level of the case changes. However, at present, he has provided no factual basis for Magistrate

Judge Cherry to recuse in this case. Accordingly, because no reasonable person could find on this record compelling evidence of actual bias or prejudice, Stewart's Motion is DENIED.

## **CONCLUSION**

Based on the foregoing, Stewart's Motion for Request for Removal of Judge" [DE 22] is DENIED.

Entered: April 23, 2018

                                                        s/ William C. Lee
                                                        United States District Court