**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

TYQUAN STEWART,                 )
           Plaintiff,         )
                             )
       v.                     )     CAUSE NO.: 1:17-CV-273-WCL-PRC
                             )
JACKSON, Correctional Officer,  )
           Defendant.      )

**OPINION AND ORDER**

This matter is before the Court on a document titled "Reconsideration of Counsel by Court" [DE 52], filed by Plaintiff Tyquan Stewart on July 9, 2018.

As the Court has explained in its previous orders of January 3, 2018, and April 24, 2018, *see* (ECF 21, 44), there is no constitutional or statutory right to counsel in a civil case. *Farmer v. Haas*, 900 F.3d 319, 323 (7th Cir. 1993); *see also Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013); *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). However, under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent a person who is unable to afford counsel in a civil case. *See Lindsay v. Milwaukee Police Dep't*, No. 08C0324, 2008 WL 1868621, at *1 (E.D. Wis. Apr. 23, 2008) (citing *Floyd v. United States Postal Serv.*, 105 F.3d 275-77 (5th Cir. 1997), *overruled on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999)) (finding that "Section 1915 is meant to ensure indigent litigants meaningful access to federal courts . . . and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated").

The decision to seek volunteer counsel rests in the discretion of the district courts, *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc), "unless denial would result in fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir.

1967); *see also McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).[1] "The general rule is that due process requires the provision of counsel to indigent litigants 'only where the litigant may lose his physical liberty if he loses the litigation.'" *Pruitt*, 503 F.3d at 657 (quoting *Lassiter v. Dept' of Soc. Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981)).

Under the standard enunciated in *Pruitt*, when considering a request for counsel by a civil litigant, the district court is to make the following inquiries: (1) whether the litigant has made a reasonable attempt to retain counsel; and if so, (2) given the difficulty of the case, whether the litigant appears competent to litigate the matter himself. *See* 503 F.3d at 654 (citing *Farmer*, 990 F.2d at 321-22). The court must evaluate "'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Farmer*, 990 F.2d at 322 (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)).

On October 19, November 3, and December 20, 2017, Plaintiff filed documents with the Court requesting appointment of counsel in this civil case. On January 3, 2018, the Court issued an Opinion and Order denying the requests for appointment of counsel. In the ruling, the Court recognized that Plaintiff is proceeding *in forma pauperis* in this matter and found that he made a reasonable attempt to retain counsel prior to filing the motions.

However, the Court found that Plaintiff is competent to litigate this matter himself given the relatively low difficulty of the case. The Court acknowledged Plaintiff's position that he sought appointment of counsel because he is mentally ill. The Court further noted that, at the in-person

---

[1] Although courts often use the expression "appointment of counsel" in these circumstances, the Seventh Circuit Court of Appeals has reminded courts that there is no statutory authority to "appoint" counsel in a civil case, and that "all a district court can do is seek a volunteer." *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866 (7th Cir. 2013).

preliminary pretrial conference on December 20, 2017, Plaintiff indicated that he suffers from PTSD and schizoaffective disorder, leading to difficulties with concentration and focus. The Court noted that Plaintiff attached to the December 20, 2017 motion a "Psychiatric/Psychological Impairment Questionnaire" that was completed by a treating nurse practitioner for what appears to be a social security disability benefits application. The Court reviewed the form and found that the degree of limitation indicated for the various mental work-related categories are not inconsistent with Plaintiff's ability to represent himself in this civil litigation. The Court noted that, at the December 20, 2017 in-person scheduling conference, the Court had an opportunity to observe and speak with Plaintiff directly. The Court found Plaintiff to be articulate and able to explain the nature and factual basis of his claim in this case. The Court found that Plaintiff has successfully communicated with opposing counsel regarding setting the deadlines in this case. For example, at the hearing, Plaintiff was able to communicate and resolve his confusion regarding a certain deadline. In addition, the Court found that the facts underlying this § 1983 action are relatively straightforward and are within Plaintiff's knowledge and understanding, as he alleges that he was denied a proper diet during Ramadan and was not given his medication for high blood pressure while incarcerated.

On February 15, 2018, Plaintiff asked the Court to reconsider the ruling on the basis that the Court overlooked the severity of his mental impairments and how they would affect the fairness of these proceedings, again referencing the "Psychiatric/Psychological Impairment Questionnaire" previously considered by the Court. In its April 24, 2018 Order, the Court denied the request for reconsideration, explaining that the Court had fully considered the form and its meaning in making the original ruling denying the request for appointment of counsel, that the Court did not misapprehend the meaning of the form or the information contained within the form, and that

Plaintiff had not submitted new information that would cause the Court to reconsider its prior ruling.

In this second request for reconsideration, Plaintiff against asserts his mental illness as the basis for the Court to seek counsel for Plaintiff. In support, Plaintiff submitted 267 pages of medical records from 2009, 2010, 2011, 2014, 2015, 2017, and 2018, which the Court has reviewed. These records confirm the diagnoses Plaintiff identified at the hearing, namely PTSD and schizoaffective disorder. These records, including an August 28, 2017 psychiatric evaluation that occurred prior to the Court's December 20, 2017 in-person status conference, does not change the Court's prior findings regarding Plaintiff's ability to represent himself in this case.

Therefore, the Court hereby **DENIES** the relief requested in the "Reconsideration for Counsel" [DE 52], and **REAFFIRMS** its January 3, 2018 and April 24, 2018 rulings that, given the level of difficulty of the case and despite his mental illness, Plaintiff is competent to represent himself in this case.

Finally, the Court notes that, in the instant motion, Plaintiff requests appointment of counsel in his other cases pending in the Northern District of Indiana, Fort Wayne Division in cause numbers 1:17-CV-346, 1:16-CV-316, and 1:17-CV-274. The Court **DENIES** the request to have the Court in this case decide whether counsel should be appointed for Plaintiff in the other cases, as the considerations for appointment of counsel may be unique to each case. Plaintiff must file a motion for appointment of counsel in each case, if he so wishes.

SO ORDERED this 21st day of September, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     Plaintiff, *pro se*