# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:17-CV-273-WCL-PRC |
| | ) |
| JACKSON, Correctional Officer, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a motion titled "Leave to Amend - 'Good Cause'" [DE 51], filed by Plaintiff Tyquan Stewart on July 9, 2018. Therein, Plaintiff seeks leave of Court to file a Third Amended Complaint. No response was filed, and the time to do so has passed.

## BACKGROUND

On June 29, 2017, Plaintiff filed his pro se Complaint in this case, listing as defendants Allen County Jail, Correctional Officer Jackson, and an unknown employee. (ECF 1). Plaintiff alleged that his Eighth Amendment rights were violated by an unknown employee when Plaintiff filed several requests informing the unknown employee that he was not receiving proper nutrients, and, as a result of not receiving the proper nutrients for three weeks, he lost weight. Plaintiff further alleged that he was put in a situation in which he had to break fast during the month of Ramadan. Plaintiff then alleged that Officer Jackson was negligent in informing the proper officials of Plaintiff's medical condition after Plaintiff informed Officer Jackson that he was feeling dizzy and lightheaded because of his high blood pressure. Plaintiff alleged that, as a result of the lightheadedness, he fainted and fell, hitting the back of his head and that, since that time, he has suffered from severe headaches.

On September 13, 2017, Presiding Judge William Lee entered an Opinion and Order, granting Plaintiff's Petition to Proceed in Forma Pauperis but dismissing the Complaint as to all but the Eighth Amendment claim brought under 42 U.S.C. § 1983 against Correctional Officer Jackson for allegedly acting with deliberate indifference to Plaintiff's objectively serious medical needs by failing to obtain adequate medical care for him. As to the claim against the Allen County Jail, the Court explained that the jail is not a proper suable entity because it is a building and dismissed the Allen County Jail as a defendant. The Court also dismissed the claim against the "unknown employee," explaining that the inclusion of an anonymous defendant does not allow for relation back under Federal Rule of Civil Procedure 15. As for the other claim against Officer Jackson, the Court found that Plaintiff had not alleged that Officer Jackson participated in the alleged violation with respect to his nutritional needs, and, therefore, Plaintiff could not proceed on his conditions of confinement claim.

On September 26, 2017, Plaintiff filed an Amended Complaint against Correctional Officer Jackson, an unknown nurse, an unknown chaplain, and an unknown employee. (ECF 5). In the Amended Complaint, Plaintiff alleged that while he was incarcerated in the Allen County Jail between May and June 2017, a correctional officer violated the "medical treatment act" after Plaintiff told him he suffered from high blood pressure and felt like he was going to faint. Plaintiff alleged that the unknown employee violated his rights by not giving him the required amount of protein, and, as a result, he broke fast during the month of Ramadan. In addition, Plaintiff alleged that a nurse refused to give him medication for a serious illness, namely high blood pressure. And, Plaintiff alleged that an unknown chaplain discriminated against him because of his religion. Specifically, Plaintiff alleged that he informed the chaplain that he had diabetes and could not

2

continue to participate in Ramadan because he was not getting the proper nutrient of protein yet the chaplain refused to take him off the halal diet.

On October 25, 2017, Correctional Officer Jackson filed an Answer to Plaintiff's Complaint.

On October 30, 2017, Judge Lee issued an Order on Plaintiff's Amended Complaint. The Court noted that, although Correctional Officer Jackson was listed in the caption, there were no allegations against him in the body of the Amended Complaint. The Court also reiterated that unnamed parties may not be named as defendants. As a result, the Court gave Plaintiff thirty days to file a Second Amended Complaint setting forth in as much detail as possible his allegations against Officer Jackson. Plaintiff was advised not to include unknown defendants in his Second Amended Complaint as he had already been advised that suing unnamed individuals is not appropriate. Plaintiff was further advised that, if he were permitted to proceed on his Eighth Amendment claim against Correctional Officer Jackson and during discovery he uncovers additional known defendants, he would be permitted to seek leave of Court to add the defendants.

On November 3, 2017, Plaintiff filed his Second Amended Complaint against Correctional Officer Jackson only. In the Second Amended Complaint, Plaintiff alleges many of the same facts, including the involvement of the unnamed nurse and the chaplain. Plaintiff adds the further details that he informed Officer Jackson on a night that Officer Jackson was doing his rounds that Plaintiff was feeling lightheaded, felt like he was going to faint because he suffered from high blood pressure, and needed to see a nurse; that Officer Jackson never notified the officials; and that, as a result, Plaintiff fainted and hit his head. The Second Amended Complaint, bringing a claim for Eighth Amendment denial of proper medical care against Officer Jackson, is the operative complaint in this case. Correctional Officer Jackson filed an Answer on November 28, 2017.

On February 15, 2018, and March 26, 2018, Plaintiff filed two different documents titled "Leave to Amend," which the Court construed as Plaintiff's third and fourth attempts to amend the complaint. On May 3, 2018, the Court issued an order granting in part and denying in part the motions to amend under Federal Rule of Civil Procedure 15 and granting Plaintiff until May 31, 2018 to file a "Third Amended Complaint." The Court ordered that, based on Plaintiff's prior pleadings and the motions, Plaintiff could bring six claims against three defendants—Officer Jackson, Allen County Sheriff's Department, and Chaplain Seivers—and set out those six claims, which are restated in the paragraph below.

On May 17, 2018, Plaintiff filed an "Amended Complaint." (ECF 48). Defendant Jackson filed an Answer on June 7, 2018. On June 22, 2018, the Court issued an Order striking the May 17, 2018 "Amended Complaint," identifying several ways in which the May 17, 2018 "Amended Complaint" did not comply with the Court's May 3, 2018 Order. (ECF 50). Nevertheless, the Court granted Plaintiff leave to file a

> <u>signed</u> and <u>dated</u> pleading with <u>page numbers</u> titled <u>"Third Amended Complaint"</u> that includes all necessary <u>factual allegations</u> and that includes **only** the six claims and three defendants (Officer Jackson, Allen County Sheriff's Department, Chaplain Seivers) allowed by the Court in its May 3, 2018 Opinion and Order, which the Court here repeats:
> 1. a 42 U.S.C. § 1983 claim under the Eighth Amendment to the United States Constitution for denial of medical care against <u>*Officer Jackson*</u>;
>
> 2. an Indiana state law negligence claim against <u>*Officer Jackson*</u> based on willful and wanton misconduct *and* against the <u>*Allen County Sheriff's Department*</u> on a theory of *respondeat superior*, for Officer Jackson's alleged failure to report Plaintiff's need for medical care;

4

3. a 42 U.S.C. § 1983 claim against *Chaplain Seivers* for deliberate indifference to Plaintiff's need for adequate nutrition;

4. an Indiana state law negligence claim against the *Allen County Sheriff's Department* under a theory of *respondeat superior* based on the alleged denial of adequate nutrition by Chaplain Seivers;

5. an Indiana state law negligence claim against the *Allen County Sheriff's Department* under a theory of *respondeat superior* based on the alleged negligence of Internal Affairs employee "Al" in relation to Plaintiff's medical care and nutritional intake;

6. an Indiana state law claim of intentional infliction of emotional distress against *Officer Jackson* and against the *Allen County Sheriff's Department* under a theory of *respondeat superior* based on the actions within the scope of the employment of Officer Jackson, Chaplain Seivers, and Internal Affairs employee "Al."

(ECF 50, pp. 3-4) (emphasis in original).

On July 9, 2018, Plaintiff filed the instant "Leave to Amend - Good Cause," attaching as an exhibit the 11-page proposed "Third Amended Complaint." No response was filed.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment, the court should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The standard for futility is the same standard of legal sufficiency that

5

applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

1. *Claims Previously Allowed by the Court*

The proposed "Third Amended Complaint" complies with the Court's June 22, 2018 Order in that it (1) is titled "Third Amended Complaint;" (2) has page numbers; and (3) is signed. Although the proposed "Third Amended Complaint" is not dated, the motion is dated July 7, 2018. Therefore, in the interests of justice and in light of Plaintiff's pro se status, the Court finds that the "Third Amended Complaint" is dated July 7, 2018.

In addition, the proposed "Third Amended Complaint" alleges the claims that the Court, in its May 3, 2018 and June 22, 2018 Orders, granted Plaintiff leave to bring: (1) an Eighth Amendment deliberate indifference to medical needs claim against Officer Jackson (ECF 51-1, p. 2); (2) an Indiana state law negligence claim against Officer Jackson based on willful and wanton

misconduct as well as against the Allen County Sheriff's Department on a theory of *respondeat superior* (ECF 51-1, pp. 4-5); (3) a 42 U.S.C. § 1983 claim against Chaplain Seivers for deliberate indifference to Plaintiff's need for adequate nutrition (ECF 51-1, p. 2); (4) an Indiana state law negligence claim against the Allen County Sheriff's Department under a theory of *respondeat superior* based on an alleged denial of adequate nutrition by Chaplain Seivers (ECF 51-1, p. 5); (5) an Indiana state law negligence claim against the Allen County Sheriff's Department under a theory of *respondeat superior* based on the alleged negligence of Internal Affairs employee "Al" in relation to Plaintiff's medical care and nutritional intake (ECF 51-1, p. 5); and (6) an Indiana state law claim of intentional infliction of emotional distress against Officer Jackson (ECF 51-1, pp. 2, 4) and against the Allen County Sheriff's department under a theory of *respondeat superior* based on the actions within the scope of employment of Officer Jackson, Chaplain Seivers, and Internal Affairs employee "Al" (ECF 51-1, pp. 5). In the interests of clarity, the Court **REAFFIRMS** its prior orders and **GRANTS** Plaintiff leave to bring these claims against these defendants.

In the proposed "Third Amended Complaint," Plaintiff does not allege any facts supporting the claims based on the actions of Internal Affairs employee "Al" (the claims based on *respondeat superior* against the Allen County Sheriff's Department for negligence and intentional infliction of emotional distress). *See* (ECF 51-1). However, in the Court's May 3, 2018 Order, the Court found that Plaintiff had alleged sufficient facts in the March 26, 2018 proposed amended complaint. *See* (ECF 39, 47). Accordingly, the Court hereby incorporates by reference those prior allegations regarding Internal Affairs employee "Al," *see* (ECF 39), in support of the *respondeat superior* claims against the Allen County Sheriff's Department in this proposed "Third Amended Complaint." *See Otis v. Demarasse*, 886 F.3d 639, 644 (7th Cir. 2018) (construing liberally the pro se plaintiff's pleadings to construe an "amended complaint" as an attempt to add parties and incorporate by

implicit reference the prior complaint's allegations rather than characterizing the "amended complaint" as a superseding complaint).

2.  *Motion for Leave to Bring Additional Claims*

In addition to the claims above, Plaintiff now seeks leave to add claims based on new information learned through discovery. The Court considers each in turn.

    a.    Eighth Amendment deliberate indifference to medical needs—T. McCullough, Rene Jennings, and Dr. Dennis

First, Plaintiff seeks leave to add claims under the Eighth Amendment against nurse T. McCullough, nurse Rene Jennings, and Dr. Dennis for deliberate indifference to Plaintiff's medical needs by not giving him his medication despite knowing of his medical condition. Plaintiff alleges in the proposed "Third Amended Complaint" that these individuals knew that he had high blood pressure but failed to give him medication or stabilize his condition. Plaintiff explains that, through discovery, namely Defendant's initial disclosures served on March 7, 2018, he has now identified the nurses and doctor whom he was previously unable to name. The Court finds that Plaintiff has shown good cause for the delay in seeking leave to name these defendants as to this Eighth Amendment claim. *See* Fed. R. Civ. P. 16(b)(4). Accordingly, the Court **GRANTS** Plaintiff leave to bring an Eighth Amendment deliberate indifference to medical needs claim against T. McCullough, Rene Jennings, and Dr. Dennis.

    b.    EMTALA

Second, Plaintiff seeks leave to bring a claim under the Emergency Medical Treatment and Labor Act (EMTALA) against the same three defendants. The proposed "Third Amended Complaint" itself does not reference EMTALA. Regardless, the Court **DENIES** the request because a private cause of action under EMTALA is limited to a suit against a hospital. *See Emerus Hosp.*

8

*v. Health Care Serv. Corp.*, No. 13 C 8906, 2016 WL 946916, at *4 (N.D. Ill. Mar. 14, 2016); 42 U.S.C. § 1395dd(d)(2)(A).

      c.      Negligence claim against Internal Affairs employee "Al"

Third, Plaintiff again asks for leave to bring a claim against "Al" from internal affairs for being negligent in his duties after Plaintiff complained about how he was being treated. However, the only claim against "Al" in the proposed "Third Amended Complaint" is under the heading "Negligence and Negligent Infliction of Emotional Distress Common Law Torts." (ECF 51-1, p. 4). As the Court explained in the May 3, 2018 Order, the Indiana Tort Claims Act (ITCA) bars negligence claims against an employee acting within the scope of his employment, and Plaintiff alleges that "Al" was acting within the scope of his employment. (ECF 51-1, p. 5). Because Plaintiff has not alleged any facts against "Al" other than those that would support an ordinary negligence claim in the scope of employment, Plaintiff's claim would be barred under the ITCA and, thus, is futile. *See* Ind. Code § 34-13-3-5(b); *Moore*, 2018 WL 1522658, at *8.

In addition, to the extent Plaintiff is again seeking leave to bring a § 1983 claim against Al, the Court reaffirms its May 3, 2018 holding that, because an allegation of negligence is insufficient to state a claim for an Eighth Amendment violation under § 1983, a claim against "Al" would be futile. *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015) ("Negligence, gross negligence, or even 'recklessness' as that term is used in tort cases, is not enough." (quoting *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987))).

The Court **DENIES** the request to add an Indiana state law negligence claim and/or a § 1983 Eighth Amendment claim against "Al."

d.  Claims against the Allen County Confinement Division

Fourth, Plaintiff seeks leave to add as a defendant the Allen County Confinement Division because it is responsible for the care, custody, and control of sentenced individuals. However, the Allen County Confinement Division is a subdivision of the Allen County Sheriff's Department. Therefore, the proper Defendant is the Allen County Sheriff's Department, which Plaintiff has already named. The Court **DENIES** the request to add the Allen County Confinement Division as a defendant.

e.  Captain David Nelson, Internal Affairs

Fifth, Plaintiff names "Captain David Nelson, Internal Affairs" in the caption of the proposed "Third Amended Complaint" but does not bring any claims against him in the body of the pleading. In the motion, Plaintiff explains only that Captain David Nelson is in charge of Internal Affairs. Plaintiff does not allege any specific acts by Captain David Nelson. Because individual liability under § 1983 "requires 'personal involvement in the alleged constitutional deprivation,'" Plaintiff fails to state a claim against Captain David Nelson. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003))). Accordingly, the Court **DENIES** Plaintiff's request to bring the Third Amended Complaint against "Captain David Nelson, Internal Affairs."

f.  Retaliation

Sixth, Plaintiff states in the motion that he was retaliated against because he had previously filed a claim against the Allen County Jail for violating his Eighth Amendment rights. A prison official may violate the First Amendment if adverse action is taken against an inmate in retaliation for the prisoner's filing of a grievance, lawsuit, or otherwise complaining about his conditions of confinement. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288

F.3d 1005 (7th Cir. 2002). To establish a First Amendment retaliation claim, a plaintiff must show that he engaged in activity protected by the First Amendment, he suffered a deprivation that would likely deter First Amendment activity in the future, and the First Amendment activity was "at least a motivating factor" in the decision to take retaliatory action. *Gomez*, 680 F.3d at 866 (quoting *Bridges v Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008))). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may be plausibly inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 543 (7th Cir. 2000) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988)).

Here, Plaintiff alleges in his motion that "Al" from Internal Affairs declined Plaintiff's grievance in retaliation for an Eighth Amendment lawsuit Plaintiff previously filed against the Allen County Jail. Plaintiff has not alleged the kind of deprivation that would deter First Amendment activity, which is demonstrated by the fact that Plaintiff has filed the instant lawsuit. *See Norfleet v. Baldwin*, No. 18-CV-1524, 2018 WL 4386102, at *5 (S.D. Ill. Sept. 14, 2018); *Harvey v. Lowe*, No. 18 C 50203, 2108 WL 3574756, at * 4 (N.D. Ill. July 25, 2018); *Holder v. Marberry*, No. 2:10-CV-36, 2011 WL 4729914, at *5 (S.D. Ind. Oct. 6, 2011). Accordingly, Plaintiff has failed to state a claim for First Amendment retaliation, and the Court **DENIES** Plaintiff's request to bring this claim.

  g. Religious discrimination

Seventh, Plaintiff states in the motion that Chaplain Seivers, nurse McCullough, nurse Jennings, and Dr. Dennis discriminated against him because they knew that Plaintiff is Muslim. In the motion, Plaintiff seeks leave to bring this religious discrimination claim under the Equality Act, the Discrimination Act, the Affordable Care Act, and the Rehabilitation Act based on this alleged religious discrimination. However, in the proposed "Third Amended Complaint," there are no direct
11

allegations of discrimination based on Plaintiff's Muslim faith. The heading on page 6 of the proposed "Third Amended Complaint" states "Equality Act, Disability Act, and Affordable Care Act," but there are no allegations under that heading. On page 2 of the proposed "Third Amended Complaint," Plaintiff alleges that Chaplain Seivers refused to give him the appropriate nutrient of protein in his halal diet and that Chaplain Seivers was malicious in failing to take Plaintiff off the halal diet once Plaintiff's medical condition became a problem. In the original Complaint, Plaintiff alleged that he was required to break fast during Ramadan because he did not receive the proper nutrients. In the September 26, 2017 Amended Complaint, Plaintiff alleges that the chaplain discriminated against him because of his religion when Plaintiff informed him that he had diabetes and could not continue Ramadan because he wasn't getting proper nutrition but the chaplain refused to take Plaintiff off the halal diet.

The Seventh Circuit Court of Appeals has held that an inmate's free exercise rights are substantially burdened when prison officials force the individual to choose between his religious practice and adequate nutrition. *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). At this stage of the litigation, Plaintiff has sufficiently alleged a First Amendment free exercise claim against Chaplain Seivers. However, there are no allegations to support this claim against the Allen County Sheriff's Department under *Monell*. Accordingly, the Court **GRANTS** Plaintiff leave to bring a First Amendment free exercise claim against Chaplain Seivers but **DENIES** the motion as to a claim against the Allen County Sheriff's Department. To the extent Plaintiff is attempting to bring a claim under the Religious Land Use and Institutionalized persons Act (RLUIPA), RLUIPA does not authorize an award of money damages against state officials in their individual capacities. *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *see also Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Because Plaintiff is no longer housed in the Allen County Jail, no injunctive relief is possible and he cannot proceed on a claim under RLUIPA.

There are no allegations against nurse McCullough, nurse Jennings, or Dr. Dennis to state a claim that they burdened Plaintiff's free exercise of religion or that they discriminated against him based on his religion. The only allegation against these health care providers is that they did not give him medications for his high blood pressure. Plaintiff's attempt to allege that they acted with discriminatory animus toward Plaintiff because he is Muslim is pure speculation. *See Riley v. Franke*, No. 17-CV-891, 2017 WL 3887901, at *4 (citing *Thompson*, 809 F.3d at 379). Accordingly, the Court **DENIES** Plaintiff's request to bring a claim for religious discrimination against nurse McCullough, nurse Jennings, and Dr. Dennis.

h. Disability discrimination

Eighth, Plaintiff alleges in the proposed "Third Amended Complaint" that the facts alleged support a claim for disability discrimination under the Rehabilitation Act. Plaintiff also references the Americans with Disabilities Act in his motion. The Americans with Disabilities Act provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act prohibits discrimination against qualified individuals based on a physical or mental disability. 29 U.S.C. § 794. Plaintiff alleges in the proposed "Third Amended Complaint" that he has high blood pressure. However, Plaintiff has not alleged any discrimination, failure to accommodate, or denial of access based on his medical condition. Because Plaintiff has failed to state a claim under either act and the amendment would be futile, the Court **DENIES** Plaintiff's request for leave to bring a claim based on disability discrimination.

i. Negligence for lack of emergency buttons in cells

Ninth In the proposed "Third Amended Complaint," Plaintiff alleges that Allen County Sheriff's Department is negligent for not having emergency buttons in the "H block" inmate cells. (ECF 51-1, p. 3). Plaintiff alleges that, if the cell had been equipped with a button, he would have been able to call for help and could have notified other correctional officers of his condition when Officer Jackson allegedly did not respond to his medical needs.

A defendant cannot be held liable for negligence, or even gross negligence, under § 1983. *Gomez*, 680 F.3d at 864. In order for Plaintiff to bring these allegations as a failure-to-protect or a conditions-of-confinement claim, the allegations must at least suggest that the failure to install a button in the cell block amounted to deliberate indifference to a substantial risk of harm and allegations of a generalized risk are not enough. *See Phipps v. Collman*, No. 16-CV-857, 2016 WL 4540896, at *3 (S.D. Ill. Aug. 31, 2016) (citing *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004))). Plaintiff makes no such allegations. Therefore, the claim brought under § 1983 is futile. However, under Indiana state law, a negligence claim must allege (1) a duty on the part of the defendant to conform his conduct to a standard of care required by the relationship, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach. *Trout v. Buie*, 653 N.E.2d 1002, 1008 (Ind. Ct. App. 1995) (citing *Webb v. Jarvis*, 575 N.E.2d 992, 995 (1991)). Under Indiana law, the Sheriff has a duty "to take care of the county jail and the prisoners there." Ind. Code § 36-2-13-5(a)*7); *see also Sauders v. Cnty. of Steuben*, 693 N.E.2d 16, 18 (Ind. 1998); *Trout*, 653 N.E.2d at 1008 (quoting Ind. Code § 36-2-13-5(a)(7)). At this early stage of the proceedings, the Court cannot say that Plaintiff's claim for negligence against the Allen County Sheriff's Department on this basis

would be futile. *See Chatham v. Davis*, 839 F.3d 679, 684–85 (7th Cir. 2016) (finding that the presence of call buttons in other units in the prison did not support a § 1983 deliberate indifference claim but noting that it "*might* be considered weakly probative of *negligence*") (emphasis in original). The Court **GRANTS** Plaintiff leave to amend the complaint to add this claim.

## CONCLUSION

Therefore, the Court hereby **GRANTS in part** and **DENIES in part** the motion contained within the titled "Leave to Amend - 'Good Cause'" [DE 51].

As set forth in this Opinion and Order, Plaintiff is **GRANTED** leave to file the "Third Amended Complaint" against:

(1) **Officer Jackson** for (a) Eighth Amendment denial of medical care under 42 U.S.C. § 1983 and (b) state law claims of negligence based on willful and wanton misconduct and of intentional infliction of emotional distress;

(2) the **Allen County Sheriff's Department** (a) on a theory of *respondeat superior* based on Officer Jackson's alleged negligence regarding Plaintiff's medical needs; Chaplain Seivers' negligence in denying Plaintiff adequate nutrition; Internal Affairs employee "Al" for negligence in relation to Plaintiff's medical care and nutritional intake; and the actions of Officer Jackson, Chaplain Seivers, and Internal Affairs employee "Al" for a claim of intentional infliction of emotional distress; and (b) for negligence for not having emergency call buttons in the "H block" inmate cells;

(3) **Chaplain Seivers** under 42 U.S.C. § 1983 (a) for deliberate indifference to Plaintiff's need for adequate nutrition in violation of the Eighth Amendment and (b) for a First Amendment free exercise claim;

(4) **T. McCullogh** under 42 U.S.C. § 1983 for deliberate indifference to Plaintiff's medical needs;

(5) **Rene Jennings** under 42 U.S.C. § 1983 for deliberate indifference to Plaintiff's medical needs; and

(6) **Dr. Dennis** under 42 U.S.C. § 1983 for deliberate indifference to Plaintiff's medical needs.

Plaintiff is **DENIED** leave to bring the proposed claims against Defendants Captain David Nelson, "Al" from Internal Affairs, and the Allen County Confinement Division.

The Court **DIRECTS** the Clerk of Court to **FILE** Plaintiff's proposed "Third Amended Complaint" (ECF 51-1) on the docket. The Court further **DIRECTS** the Clerk of Court to **ADD** to the caption of this case in the electronic filing system as defendants **only** (1) the Allen County Sheriff's Department, (2) Chaplain Seivers, (3) T. McCullough, (4) Rene Jennings, and (5) Dr. Dennis.

Because Plaintiff is proceeding in forma pauperis, pursuant to 28 U.S.C. § 1915(d) the Court **DIRECTS** the Clerk of Court and the United States Marshals Service to issue and serve process on (1) the Allen County Sheriff's Department, (2) Chaplain Seivers, (3) T. McCullough, (4) Rene Jennings, and (5) Dr. Dennis with a copy of (1) this Order and (2) the Third Amended Complaint.

SO ORDERED this 21st day of September, 2018.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*