UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, a/k/a <br> TYQUAN STEWART bey, <br>     Plaintiff, <br> v. <br> OFFICER JACKSON, T. McCULLOUGH, <br> RENE JENNINGS, DR. DENNIS, <br> CHAPLAIN SEIVERS, and <br> ALLEN COUNTY SHERIFF'S DEPT., <br>     Defendants. | Case No. 1:17-CV-273 |

**OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment filed by Defendants Taren McCullough and Rene Jennings (ECF 108). Plaintiff Tyquan Stewart bey filed a response brief in opposition to the motion (which he titled a "motion in opposition") (ECF 112). The Defendants chose not to file a reply brief. For the reasons set forth below, **the motion for summary judgment is GRANTED.** The Clerk of the Court is instructed to enter judgment in favor of Defendants McCullough and Jennings and against Plaintiff Stewart bey. Plaintiff's claims against the remaining Defendants are unaffected by this order and remain pending.[1]

---

[1] On December 17, 2019, as the Court was preparing this order, Stewart bey filed a document he titled "Motion for Stay of Leave" (ECF 115). In that motion, Stewart bey "request[s] that the Court postpone this cause of action due to me being incarcerated. I have a pending criminal case in Warsaw. I accepted a plea deal for 7 ½ months. On Dec. 17, 2019 I will be sentence[d]." Motion for Stay, p. 1. Given that this motion was filed just two days ago, none of the Defendants have yet responded. The Court will address and rule on the motion for stay after the remaining Defendants file a response (and Stewart bey files a reply, if he chooses to do so). However, the motion to stay is moot as to McCullough and Jennings' motion for summary judgment. The motion has been fully briefed for weeks and is ripe for resolution. The fact that Stewart bey is now incarcerated in Kosciusko County has no effect on the present motion. The denial of his motion to stay does not prejudice him since he had an opportunity to respond to the

## BACKGROUND

Tyquan Stewart bey filed this lawsuit on June 29, 2017, alleging that the Defendants violated his constitutional rights while he was being held at the Allen County Jail from May 22, 2017, to June 16, 2017. Complaint (ECF 1), p. 2. Specifically, as to McCullough and Jennings, Stewart bey contends that the Defendants failed to give him medication or to properly treat his high blood pressure and as a result he "fainted[,] fell, and hit the back of my head. Since then I've been suffering from sever[e] headaches." *Id*. On September 21, 2018, the Court (Magistrate Judge Paul Cherry) entered an order granting, in part, a motion by Stewart bey to file a Third Amended Complaint. Court Opinion and Order (ECF 57). Accordingly, the Third Amended Complaint (ECF 58) is the controlling Complaint in this case. Defendants Taren McCullough and Rene Jennings filed their Answer and Affirmative Defenses to the Third Amended Complaint on November 15, 2018 (ECF 68). In the Third Amended Complaint, Stewart bey states his claim against McCullough and Jennings, who were both nurses at the Allen County Jail during the time Stewart bey was incarcerated, as follows:

> I Tyquan Stewart bey, Plaintiff, states that in the months of May and June of 2017 I Tyquan Stewart bey, was treated cruel and unusual [sic]. Two nurses one named T. McCullough, and the other named Rene Jennings, and a Doctor by the name of Dr. Dennis all deliberately and intentionally refuse [sic] to give me medication. Both nurse[s] and the [doctor] all knew about my serious medical condition. They knew my blood pressure was high and they still failed [to] give me medication or stabilize my condition.

Third Amended Complaint, p. 2. Stewart bey contends that Defendants McCullough and

---

motion and did so. For that reason the Court denies the motion as moot as to Defendants McCullough and Jennings only. The Court takes the motion under advisement for purposes of permitting the remaining Defendants to respond. Accordingly, **the Motion for Stay of Leave filed by Plaintiff Stewart bey (ECF 115) is DENIED AS MOOT in part and TAKEN UNDER ADVISEMENT in part.**

Jennings "subjected me to cruel and [unusual] punishment which is a violation of my 8th amendment right[.]" *Id.*, p. 3.[2] He claims the actions of the Defendants were "intentional, willful, wanton, and malicious" and that as a result he "suffered physical and permanent mental injury, pain, humiliation, mental anguish, emotional distress, and other damages." *Id.*, p. 5. He is suing to recover compensatory and punitive damages in the amount of $1.5 million. *Id.*, p. 11.

## STANDARD OF REVIEW

**I. *Pro se* pleadings.**

Stewart bey is proceeding *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This court is mindful of the well-settled principle that, when interpreting a *pro se* petitioner's complaint, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "*pro se* complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)). The mandated liberal construction afforded to *pro se* pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it

---

[2] Stewart bey also alleged that the Defendants were liable to him under the Rehabilitation Act, the Americans with Disabilities Act, the Affordable Care Act, and something he cited as the "Equality Act." Third Amended Complaint, pp. 5-6. He also alleged that the Defendants were liable to him for state law torts, including negligence and negligent infliction of emotional distress. *Id.*, pp. 4-5. However, in a previous order entered on September 21, 2018, Magistrate Judge Cherry granted Stewart bey's motion for leave to file his Third Amended Complaint, but simultaneously ruled that the only claim he could assert against McCullough and Jennings was his Eighth Amendment claim. Opinion and Order (ECF 57). Accordingly, that is the only claim remaining against the movants and the only one at issue on summary judgment.

3

should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the *pro se* litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.*

**II. Summary judgment standard.**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Dulin v. Hankins*, 2019 WL 6348023, at *1 (N.D. Ind. Nov. 26, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Id.* (citing *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003)).

Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). If it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). Rule 56 states in part as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in [his] own pleading; rather [his] response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed.R.Civ.P. 56(e)(3). The non-moving party bears the burden of demonstrating that such a genuine issue of material fact exists. *Harney v. Speedway Super America, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

**III. Eighth Amendment.**

The Eighth Amendment prohibits prison officials from consciously disregarding prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). Another district

court recently explained as follows:

> A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need is serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v. Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A defendant "consciously disregards" an inmates' need when the defendant knows of and disregards "an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir. 1996). However, inadvertent error, negligence, gross negligence, and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).

*Shipp v. Hobday*, 2019 WL 6345748, at *3 (W.D. Wis. Nov. 27, 2019).

## DISCUSSION

Defendants McCullough and Jennings do not dispute that they were working as nurses at the Allen County Jail and interacted with Stewart bey during May and June of 2017. However, they insist that they were not deliberately indifferent to Stewart bey's serious medical condition (i.e., his high blood pressure) and that he did, in fact, receive adequate medical attention while in the Jail. The Defendants provide the following factual recitation concerning Stewart bey's medical treatment in the Jail:

> Mr. Stewart bey was booked into the Allen County Jail on May 22, 2017. [He] was given an initial health screening to determine whether he required immediate medical care on May 22, 2017. This screening was reviewed by Nurse McCullough who determined Mr. Stewart be did not require immediate nursing care and scheduled him for a 14 day physical. On June 1, 2017, Mr. Stewart bey was evaluated by nursing personnel. Mr. Stewart bey's first request for blood pressure treatment came on June 9, 2017. Mr. Stewart bey was evaluated by medical personnel on June 10, 2017. His blood pressure was recorded and a monitoring plan was put in place to evaluate his need for blood pressure

6

> medication. During this assessment, Mr. Stewart bey reported no symptoms, regardless, the blood pressure monitoring program was initiated. Dr. Anthony Dennis directed the treatment plan. Mr. Stewart bey's blood pressure was taken on June 12th and June 14th in accordance with the blood pressure monitoring plan. [He] was evaluated by medical personnel each time he requested treatment during his 26-day incarceration. [He] was released from the Allen County Jail on June 16, 2017.

Defendants' Brief in Support, pp. 2-3 (internal citations to record omitted). The Defendants base their statement of facts on the Jail's medical records pertaining to the Plaintiff, which were filed under seal. Clinical Record Produced in Response to [Plaintiff's] Request for Production of Documents (ECF 92). Those records support each factual assertion set forth above. More importantly, Stewart bey does not challenge any portion of the Defendants' factual statement. Also, as the Defendants point out, Stewart bey admits the truth of the Defendants' factual assertions in his answers to the Defendants' request for admissions and interrogatories. *See* Plaintiff's Answers to Taren McCullough and Rene Jennings' Request for Admissions (ECF 73); Plaintiff's Answers to Taren McCullough and Rene Jennings' First Set of Interrogatories (ECF 81).

Even in light of the undisputed facts showing that Stewart bey was seen and monitored for high blood pressure several times between May 22 and June 16 of 2017, he argues that McCullough and Jennings' motion for summary judgment should be denied "because material facts are still disputed, the identities of which nurse handle me on each accusation which video surveillance would of proved, and spoliation of evidence is still a material fact disputed[.] I respectfully request the Court to deny Defendants['] T. McCullough and Rene Jennings summary judgement. The nurses also had an obligation to give me medical attention. In their summary judgement it was not stated how high my blood pressure was after I was evaluated nor did it state

which nurse seen me on which day." Plaintiff's response in opposition (ECF 112), p. 4.

Stewart bey's argument fails to create any genuine issue of material fact that would defeat the Defendants' motion for summary judgment. It is undisputed that McCullough and Jennings worked as nurses at the Jail and provided Stewart bey with medical attention during his incarceration, so no "video surveillance" is necessary to establish that fact. The issue is not which nurse saw or treated him on a particular date; the issue is whether their treatment of him constituted deliberate indifference to a serious medical condition. Also, as to Stewart bey's contention that the Defendants withheld or destroyed evidence, in the form of video recordings of his interactions with McCullough and Jennings, that issue has already been litigated in this case. Stewart bey filed a motion requesting that the Defendants be sanctioned for spoliation of evidence since they did not produce video recordings that he requested during discovery. Motion for Sanctions (ECF 76). Stewart bey maintained that videotapes from the Jail would show which medical provider saw him on specific dates. *Id*. Magistrate Judge Paul Cherry, to whom this case was on partial referral, considered and denied the motion in an order entered on March 1, 2019 (ECF 94). Therefore, Stewart bey's argument that summary judgment should be denied due to spoliation of evidence is unavailing. It is also irrelevant since, as stated, there is no dispute about whether McCullough or Jennings provided medical care to Stewart bey: they did, as they have acknowledged all along. No videotape or other evidence is needed to establish this undisputed fact.

The Court has reviewed the medical records and Stewart bey's discovery responses (which were answered under oath), and that evidence supports the Defendants' statements of fact regarding Stewart bey's medical treatment. Nonetheless, Stewart bey opposes the motion for

summary judgment by continuing to insist that the medical attention and treatment he received from McCullough and Jennings was so insufficient that it constituted deliberate indifference to his serious medical condition. The unrefuted evidence shows otherwise, and Stewart bey's claims against McCullough and Jennings fail as a matter of law.

The Defendants insist that "Mr. Stewart bey's claim . . . fails because neither Nurse McCullough nor Nurse Jennings' treatment of his condition was deliberately indifferent." Brief in Support, p. 6. McCullough and Jennings reiterate that the evidence proves that Stewart bey received adequate medical attention for his high blood pressure:

> Mr. Stewart bey admits he was seen my medical professionals each time he made a request for medical care. . . . The first such request for medical care associated with his high blood pressure occurred on June 9, 2017. . . . Mr. Stewart bey was evaluated by medical personnel the following day and a treatment plan was instituted to address his blood pressure at Dr. Dennis' direction. . . . Despite Mr. Stewart bey's protestations, he received continuous medical care for the entirety of his stay at the Allen County Jail. Mr. Stewart bey's claim is more properly characterized as a dispute over how to treat his condition–which does not constitute deliberate indifference.

*Id*., p. 7 (citations to sealed medical records omitted).[3]

McCullough and Jennings are correct. Stewart bey's claim against them is based not in the facts, but in his subjective belief that the treatment he received in the Jail was inadequate. He

---

[3] McCullough and Jennings also point out that "nurses are unable to prescribe medication and defer to treating physicians' instructions. *See Berry v. Peterman*, 604 F.3d 435, 442-43 (7th Cir. 2010) (addressing the inherent hierarchy within the prison medical system and stating a nurse is entitled to defer to a treating physician in most situations, although 'that deference may not be blind, or unthinking, particularly if it was apparent that the physician's order would likely harm the patient.'). Nurses rely upon the medical judgment of physicians and follow orders issued by the treating physician. For this reason, it would not be reasonable for either Nurse McCullough or Nurse Jennings to second-guess the medical judgment of Dr. Dennis, especially when his treatment plan raised no obvious risks of harm to Mr. Stewart bey." Brief in Support, pp. 7-8. Thus, even though Stewart bey apparently believes that McCullough or Jennings should have provided him with medication, they could not have done so under the circumstances.

9

insists that he should have been given medication for his high blood pressure, as opposed to Dr. Dennis' treatment plan. But a prisoner's disagreement with the medical treatment he receives does not does not provide a basis for a deliberate indifference claim, as the Defendants note in their brief. Brief in Support, p. 7; *see Greeno v. Daley*, 414 F.3d 647, 653 (7th Cir. 2005) ("mere disagreement with a doctor's medical judgment [does not] amount to deliberate indifference[.]"); *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996) (medical providers' differing opinions as to best treatment for prisoner do not amount to deliberate indifference); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("in the context of medical professionals, it is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference."); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("the Constitution is not a medical code that mandates specific medical treatment."); *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("Under the Eighth Amendment, [the plaintiff] is not entitled to demand specific care. [He] is not entitled to the best care possible. [He] is entitled to reasonable measures to meet a substantial risk of serious harm to [him].").

The present case is similar to *West v. Larson*, 2018 WL 4853504, at *4 (N.D. Ind. Oct. 5, 2018), in which this Court held that an inmate's disagreement with prison medical personnel about how to treat his high blood pressure and heart disease did not support an Eighth Amendment claim for deliberate indifference. This Court concluded in *Larsen* that "the record does not demonstrate that the defendants acted with deliberate indifference but instead unequivocally reflects that they provided medical treatment consistent with their medical judgment." *Id*. at *4.

The evidence in this case, including the medical records filed by the Defendants and

10

Stewart bey's own admissions in discovery, shows conclusively that McCullough and Jennings provided Stewart bey with adequate (at a minimum) medical care and that their conduct did not even hint of deliberate indifference. His belief that he should have received *different* treatment, i.e., that he should have been given medication rather than being placed on a "monitoring plan," does not change the facts or raise any genuine issue as to his Eighth Amendment claim. Since the facts do not support Stewart bey's claims, he is left with nothing but unsupported allegations. It is well-established that "'bare allegations not supported by specific facts are insufficient in opposing a motion for summary judgment.'" *Jennings v. Brennan*, 2019 WL 3282940, at *4 (S.D. Ind. July 16, 2019) (quoting *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004)); *see also*, *Henderson v. City of Chicago*, 2019 WL 4824821, at *5 (N.D. Ill. Sept. 30, 2019) ("While the Court will draw all reasonable inferences in [the non-movant's] favor, he must produce *some* evidence other than his own unsupported allegations[.]") (emphasis in original); *Carter v. Citizens Gas & Coke Util.*, 2006 WL 897889, at *1 (S.D. Ind. Apr. 3, 2006) ("'Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims,' [a non-movant] cannot successfully oppose a motion for summary judgment by relying on unsupported allegations in his complaint.") (quoting *Michael v. St. Joseph County*, 259 F.3d 842, 845 (7th Cir. 2001)).

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by Defendants Taren McCullough and Rene Jennings (ECF 108) is **GRANTED**. The Clerk of the Court is instructed to enter judgment in favor of Defendants McCullough and Jennings and against Plaintiff Stewart bey. Plaintiff's claims against the remaining Defendants are unaffected by this

11

order and remain pending. Plaintiff's motion for stay (ECF 115) is **DENIED AS MOOT in part and TAKEN UNDER ADVISEMENT in part.**

Date: December 20, 2019.

   /s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana