UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, a/k/a TYQUAN STEWART bey, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-CV-273 ) |
| OFFICER JACKSON, DR. DENNIS, CHAPLAIN SIEVERS, and ALLEN COUNTY SHERIFF'S DEPT., | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the Motion in Limine filed by the Defendants (ECF No. 148). Plaintiff filed a response in opposition to the motion (ECF No. 152). Counsel for the Defendants informed the Court, through the Clerk's Office, that they did not intend to file a reply brief, and so the motion is ripe for resolution. The motion in limine is GRANTED in part and DENIED in part, with certain caveats, as explained below.

**STANDARD OF REVIEW**

District courts have "the inherent authority to manage the course of a trial." *Sheehan v. Moriarity*, 2019 WL 2574679, at *1 (N.D. Ind. June 24, 2019) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). "The Court may exercise this power by issuing an evidentiary ruling in advance of trial." *Id*. "A party may seek such a ruling by filing a motion in limine, which requests the Court's guidance on what evidence will (or will not) be admitted at trial." *Id*. (citing *Perry v. City of Chi*., 733 F.3d 248, 252 (7th Cir. 2013)). "Motions in limine serve a gatekeeping function by allowing the judge 'to eliminate from further consideration evidentiary submissions that

clearly ought not be presented to the jury.'" *Id*. (quoting *Jonasson v. Lutheran Child & Family Servs*., 115 F.3d 436, 440 (7th Cir. 1997)). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc*., 864 F.Supp. 67, 69 (N.D. Ill. 1994).

"By defining the evidentiary boundaries, motions in limine both permit 'the parties to focus their preparation on those matters that will be considered by the jury,' [*Jonasson*, 115 F.3d at 440], and help ensure 'that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues.'" *Sheehan*, 2019 WL 2574679, at *1 (quoting *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)). "As with all evidentiary matters, the Court has broad discretion when ruling on motions in limine[]" and "can change its ruling at trial, 'even if nothing unexpected happens[.]'" *Id*. (quoting *Luce*, 469 U.S. at 41) (additional internal citations omitted). "Rulings in limine are speculative in effect; essentially, they are advisory opinions." *Id*. (citing *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part)).

## DISCUSSION

Tyquan Stewart, proceeding *pro se*, alleges that the Defendants violated his constitutional rights while he was incarcerated in the Allen County Jail during "the months of May and June of 2017" by denying him adequate medical treatment. Third Amended Complaint (ECF No. 58), p. 1. The Court held a pretrial conference in this case on December 15, 2020, during which the Court directed the parties to file "any pretrial motions . . . within 60 days." Docket (ECF No.

2

145)¹. Accordingly, the Defendants filed their motion in limine and move the Court to prohibit the introduction of evidence or testimony of certain matters they argue "are incompetent, irrelevant, and prejudicial to the material issues in the case." Motion in Limine (ECF No. 148), p. 1. The Defendants' requests, with limited exception, are valid, based on authority and, in fact, pretty perfunctory.

Plaintiff Tyquan Stewart opposes portions the Defendants' motion, although his arguments in opposition derive mostly from his misunderstanding of exactly what it is the Defendants are asking to exclude from trial and why. The Court will address each of the Defendants' requests, and Mr. Stewart's objections, in turn.

**1. Evidence of other lawsuits or claims against the Defendants.**

The Defendants request the exclusion of evidence of the following:

> Any other lawsuits, claims, tort claims, settlements involving the Allen County Sheriff, members of the Allen County Sheriff's Department and any other claimants or individuals who have filed Tort Claim Notices, civil rights complaints, state tort claims or other civil litigation against the Sheriff of Allen County, members of the Allen County Sheriff's Department, Allen County Sheriff David Gladieux, Officer Jackson, Dr. Dennis, and Chaplain Sievers. Evidence of other lawsuits or misconduct is not admissible to prove action in conformity therewith under the Federal Rules of Evidence. See Fed. R. Evid. 404.

Motion in Limine, pp. 1-2. Stewart challenges this request, but his objection does not address the evidence the Defendants are asking the Court to exclude. Stewart states as follows:

> I filed a complaint with Internal Affairs and Sheriff David Gladieux is the person who oversees those complaints his conduct is at question in this case as all as the prior complaints that I have filed relating to the way I was treated at the Allen

---

¹ Also at the December 15 pretrial conference, the Court signed the parties' Final Pre-Trial Order (ECF No. 146), and advised the parties that "[a] further Final Pretrial Conference will be set once all motions are ruled upon." Docket (ECF No. 145). The Court will set such further PTC by separate entry.

County Jail including the way I was fed.

Plaintiff's Response (ECF No. 152), pp. 3-4. Stewart seems to be referring to internal complaints he filed during his incarceration at the Jail. But the evidence the Defendants seek to exclude is not evidence of those internal complaints, but evidence of lawsuits or complaints lodged against the Defendants by *other* people in *other* cases. In fact, Stewart listed the "complaints I filed while incarcerated" on his exhibit list in the Pre-Trial Order (ECF No. 146, p. 5). And, the Defendants included in their exhibit list "Plaintiff's Allen County Jail Packet and incarceration records" as well as "[a]ny exhibit listed by the Plaintiff." *Id*. The Defendants do not seek to exclude the evidence Stewart refers to–that is, his internal Jail complaint forms–but rather, evidence of other lawsuits or complaints against the Defendants. Such evidence, as the Defendants point out, is inadmissible under Federal Rule of Evidence 404(b) because it is irrelevant to the issues in this case and introduction of such evidence would be unfairly prejudicial to the Defendants. *See Williams v. Lovchik*, No. 1:09-CV-1183, 2012 WL 2930773, at *1 (S.D. Ind. July 18, 2012) (granting defendants' motion in limine "to bar evidence of other lawsuits against Defendants. Such evidence would have little to no probative value while running the risk of needlessly prejudicing the jury."); *see also*, *Miller v. Polaris Laboratories, LLC*, 2016 WL 1639087 (S.D. Ind. April 26, 2016) (granting motion to bar evidence of other lawsuits or claims against defendants and listing cases).

Accordingly, the Defendants' motion in limine is GRANTED. Stewart, and any of his witnesses, are prohibited from presenting evidence of or mentioning other lawsuits or complaints lodged against the Defendants in the presence of the jury.

4

**2. Personal identifying information.**

The Defendants move to exclude evidence of "[a]ll identifying information including Social Security numbers, home addresses and home telephone numbers for any and all Allen County Sheriff's Department witnesses in this case." Motion in Limine, p. 2. Stewart does not object to this request and it is GRANTED. Stewart and any witnesses he may call are prohibited from presenting any evidence of such identifying information to the jury.

**3. Settlement negotiations.**

The Defendants move to exclude evidence of "[s]ettlement demands, offers, negotiations, or any communications concerning settlement offers, demands or negotiations or the unwillingness to settle or negotiate settlement of this case by any party or counsel. See Fed. R. Evid. 408." Motion in Limine, p. 2. Federal Rule 408 expressly excludes any evidence of settlement negotiations, settlement offers, or even evidence that such negotiations took place prior to trial. Fed.R.Evid. 408(a). Stewart does not object to this request and it is GRANTED. The parties and their witnesses are prohibited from presenting any evidence of settlement negotiations to the jury.

**4. Evidence of insurance or indemnification.**

The Defendants move to exclude all "[e]vidence that the Sheriff of Allen County and all employees of the Allen County Sheriff's Department, including Allen County Sheriff David Gladieux, Officer Jackson, Dr. Dennis and Chaplain Sievers are covered by the Allen County, Indiana, indemnification policy and the terms thereof, which is a substitute for liability insurance afforded to employees of Allen County Government. See Fed. R. Evid. 408." Motion in Limine, p. 2. This is also a standard request in almost all trials. Evidence that the Defendants are covered

5

by an indemnification policy or other insurance policy is almost never admissible during a trial and such evidence is irrelevant here. Stewart does not object to this request and it is GRANTED. Stewart and any witnesses he may call are prohibited from presenting any evidence of insurance coverage or indemnification policies to the jury.

**5. Evidence regarding video or other recordings.**

The Defendants move to exclude "[a]ny reference to the lack of a video, audio or other recording of any of the events that the Plaintiff alleges gave rise to his complaint." Motion in Limine, p. 2. The Defendants do not cite authority for this request (either case law or evidentiary rule), nor do they discuss it in their memorandum in support of their motion.

Stewart objects to this request, arguing as follows:

> The Allen County Sheriff department including other defendants had a duty to preserve ALL Electronic evidence including video. [Magistrate] Judge Susan [Collins] stated in her opinion and order that if it is found at trial that video existed then I plaintiff Tyquan Stewart can amend the Complaint.
>
> The defendants is fully aware of [ Magistrate] Judge Susan [Collins'] opinion and order and for the defendants to request that any reference to the lack of a video, audio or other recordings of any of the event is attempt to eliminate me from amending the Complaint and adding spoliation of evidence if it is found at trial that video existed. The defendants is attempting to exclude me the plaintiff from discussing at trial that the defendants had a duty to preserve video and because they did not preserve the video we lack it, and it was evidence that could of supported my claim. Whoever is liable and or responsible the jury should hear it including the Allen County Indiana, Idemnification policy.[2]

Plaintiff's Response, pp. 4-5 (all sic).

This issue arose two and a half years ago when, on January 17, 2019, Stewart filed a motion for sanctions, contending that the Defendants withheld, or perhaps destroyed, videotapes

---

[2] The Court has already ruled that evidence of any insurance or indemnification policies is *not* admissible.

6

taken while Stewart was incarcerated. Motion for Sanctions (ECF No. 76) (titled "Spoliation Sanction Motion for Sanction Report Rule 37"). Stewart alleged in that motion as follows: "I request court to sanction defense for [deliberately] allowing the video to be erased. I was house on H Block and the camera was facing my cell. It would of captured Officer Jackson at my door and if audio it would of heard me pleading for help." *Id.*, p. 1. The Defendants opposed the motion, arguing that while the Jail had operating cameras at the time, Stewart presented no evidence that the Defendants failed to preserve or produce "any hypothetical video or made a conscious decision to destroy any evidence." Defendants' Response to Plaintiff's Motion for Sanction Report Rule 37 (ECF No. 87), p. 4. Magistrate Judge Susan Collins, to whom this case is on partial referral, denied Stewart's motion in an order entered on March 1, 2019 (ECF No. 94). Following some supplemental discovery, Stewart renewed his motion for sanctions on April 18, 2019 (ECF No. 98). The matter briefed out again and Magistrate Judge Collins entered another order denying Stewart's motion on June 24, 2019 (ECF No. 106). Judge Collins held as follows:

> The Court has addressed issues raised in Plaintiff's first motion for sanctions in its Order of March 1, 2019. (DE 94). Plaintiff supports his renewed motion for sanctions with admissions from Defendant Officer Jackson that there was a surveillance camera on "H Block" at the time of the events alleged in the complaint, and that the camera was likely operational. (DE 97).
>
> To prevail in moving for sanctions, Plaintiff must demonstrate:
>
> (1) that there was a duty to preserve the specific documents and/or evidence, (2) that the duty was breached, (3) the culpability for the breach rises to a level of willfulness, bad faith or fault, (4) the party seeking the evidence suffered prejudice as a result of the breach, and (5) an appropriate sanction can ameliorate the breach. *Cahill v. Sheriff of Cook Cty. Thomas Dart*, No. 13-CV-361, 2016 WL 7093434, at *4 (N.D. Ill. Mar. 4, 2016), R. & R. adopted as modified sub nom. *Cahill v. Dart*, No. 13-CV-361, 2016 WL 7034139 (N.D. Ill. Dec. 2, 2016); (see

7

> DE 94 at 2). Officer Jackson's admissions provide additional support for Plaintiff's contention that a surveillance video may have existed. However, at most, this strengthens Plaintiff's argument with respect to the first two elements of a motion for sanctions. But Plaintiff presents no evidence that Defendants destroyed a purported surveillance video in bad faith (the third element), that he is prejudiced by Defendants' withholding the video (the fourth element), or that a sanction could ameliorate the harm caused by Defendants' actions (the fifth element).
>
> The Court again reminds the parties that discovery is long closed. (DE 17; DE 19; DE 94 at 4). "Plaintiff has forgone his opportunity to inquire about whether a surveillance video was created and later destroyed." (DE 94 at 4). If this case proceeds to trial, and testimony is elicited that suggests a video was indeed destroyed in bad faith, then Plaintiff may revisit his request for sanctions. (DE 94 at 4). However, on the current record, Plaintiff's renewed motion for sanctions will be denied.

Court Order (ECF No. 106), pp. 1-2. Stewart argues now that Judge Collins' order permits him to raise this issue at trial. More precisely, he contends that it expressly permits him to argue that the Defendants spoliated evidence. But that is not what the order says, and Judge Collins was not ruling on the admissibility of this issue at trial; she was ruling on Stewart's motion for sanctions. The order does not state that Stewart can present a claim or argument for spoliation of evidence at trial. Judge Collins did state, however, that "[i]f this case proceeds to trial, and testimony is elicited that suggests a video was indeed destroyed in bad faith, then Plaintiff may revisit his request for sanctions."

Stewart will not be permitted to argue in the presence of the jury that the Defendants spoliated evidence. He can, however, ask the Defendants at trial whether there were any video cameras outside his cell, as he alleges, and whether any video or audio recordings of him and his interactions with the Defendants were taken during his incarceration. He can also inquire whether any recordings still exist and, if not, why. In other words, Stewart will be allowed to ask about

8

the existence or nonexistence of any video or audio recordings, but he will not be permitted to argue that the Defendants intentionally destroyed such evidence, *unless* the Court concludes that the testimony on this point warrants allowing Stewart to engage in a broader inquiry.

Subject to the caveat in the previous paragraph, the Defendants' motion in limine is GRANTED. Stewart is prohibited from arguing to the jury that the Defendants spoliated or withheld evidence. The Court will revisit the issue if testimony or other evidence elicited at trial warrants it.

### 6. "Send a message" argument.

The Defendants seek to exclude "[a]ny argument by the Plaintiff that the jury should punish the Allen County Sheriff's Department or any individual Defendant in this case by 'sending a message.'" Motion in Limine, p. 2. The Defendants do not cite any authority for this request, although there is plenty: both in support of their argument and contrary to it. In this case, the motion will be denied.

In his response Stewart states that "[t]he Sheriff's Department or any individual defendant "sending messages" would reflect on their conduct and for the defendants to state "sending messages" in their motion it must be relevant." Plaintiff's Response, p. 4. The fact that the Defendants are seeking to exclude such statements does not mean that they "must be relevant." Nonetheless, the Defendants' argument is unavailing and Stewart will be permitted to argue, during his closing argument to the jury, that they should award him punitive damages in order to punish or "send a message" to the Defendants should the jury find them liable for damages.

As stated above, there is authority supporting the Defendants' argument and authority

9

contrary to it. In this case, since Stewart is seeking punitive damages, the case law makes clear that he can, in his closing argument, argue that the jury should award him punitive damages in order to punish or send a message to the Defendants. In *Cazares v. Frugoli*, No. 13-CV-5626, 2017 WL 4150719, at *5 (N.D. Ill. Sept. 19, 2017), the court granted the defendant's motion in limine and prohibited plaintiff from arguing that the jury should "send a message" to defendant where "[s]ending a message implies punishment or deterrence and . . . punitive damages are unavailable here[.]"). But, if punitive damages are at issue, the outcome is different. As another district court explained:

> The . . . Defendants seek to exclude any mention by Plaintiffs that the jury should "send a message" to Defendants.
>
> Plaintiffs argue in response that this type of argument should be permitted because they seek punitive damages. . . . They note that the Seventh Circuit Pattern Jury Instructions contemplate punitive damages as a punishment for defendant's conduct and to serve as an example or warning to defendants not to engage in certain conduct, so requesting that the jury "send a message" is consistent with that instruction. . . .
>
> The Seventh Circuit Pattern Civil Jury Instructions provide that "[t]he purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future." Federal Civil Jury Instructions of the Seventh Circuit, Instruction 7.28; *see also Kemezy v. Peters*, 79 F.3d 33, 34 (7th Cir. 1996) ("The standard judicial formulation of the purpose of punitive damages is that it is to punish the defendant for reprehensible conduct and to deter him and others from engaging in similar conduct"). The Court finds that asking the jury to "send a message" to Defendants is relevant to the issue of punitive damages and is consistent with Pattern Instruction 7.28. *See Smith v. Garcia*, 2018 WL 461230, at *6 (N.D. Ill. 2018) (denying motion in limine to preclude plaintiff, who was seeking punitive damages in false arrest case, from arguing that the jury should "send a message" to individual officer defendants); *Betts v. City of Chicago, Ill.*, 784 F.Supp.2d 1020, 1033 (N.D. Ill. 2011) (same principle). The . . . Defendants' Motion in Limine No. 8 is DENIED.

*Hurt v. Vantlin*, No. 3:14-CV-00092, 2019 WL 6828153, at *9 (S.D. Ind. Dec. 13, 2019),

reconsideration denied, No. 3:14-CV-00092, 2020 WL 1310443 (S.D. Ind. Feb. 6, 2020), and reconsideration denied, No. 3:14-CV-00092, 2020 WL 4218043 (S.D. Ind. July 23, 2020) (internal citations to record omitted).

As stated, Stewart is seeking punitive damages. Third Amended Complaint, p. 11. Accordingly, he can argue that the jury should "send a message" by awarding him punitive damages. The Defendants' motion in limine is DENIED.

**7. Evidence of media reports of wrongdoing by police.**

The Defendants seek to exclude "[a]ny reference or illicit testimony regarding stories in the media of other police action or instances of alleged excessive force, deliberate indifference, or other forms of wrongdoing; either by the Allen County Sheriff's Department and its officers or by other police departments and law enforcement agencies. Such references would only serve to inflame the jury's emotions and obscure the issues that are relevant to this matter." Motion in Limine, p. 2. The Defendants argue that "[e]vidence of police misconduct that is unrelated to the Defendants and the claims in this case has minimal, if any, probative value, and would be highly prejudicial in violation of Federal Rule of Evidence 403." Defendants' Memorandum, p. 2.

Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence of police misconduct in other cases, whether involving the Defendants in this case or other defendants, is not relevant to any issue in this case. Introduction of such evidence, as the Defendants contend, would serve only to inflame the jury and result in unfair prejudice to the Defendants.

Stewart does not object to this request and it is GRANTED. Stewart and any witnesses he may call are prohibited from mentioning or presenting to the jury any evidence of police misconduct unrelated to this case.

**8. Medical testimony or opinions.**

The Defendants seek to exclude the following evidence:

Any medical opinions, diagnoses, discussions of treatment modalities or opinions as to causation offered by the Plaintiff, non-medical opinion witnesses and/or laypersons. Testimony by non-medical witnesses and laypersons concerning medical conditions would only be based upon speculation, conjecture and lack of expertise and are not permitted under Fed. R. Evid. 701. Neither the Plaintiff, nor any lay witnesses are medically trained and, therefore, they are incompetent to render opinion testimony on medical issues. Consequently, medical opinion testimony by the Plaintiff or any of the Plaintiff's lay witnesses would not be competent or relevant to any issues in the case and would only serve to prejudice the Defendants.

Motion in Limine, pp. 2-3. In their memorandum the Defendants argue as follows:

Defendants next move to bar Plaintiff and any lay witness from testifying concerning the Plaintiff's medical conditions, the cause of those conditions, or and medical prognosis. Such evidence may be offered only by expert witnesses as medical opinions require scientific and other specialized knowledge under Federal Rule of Evidence 701.

"A lay witness may not discuss his ailments in detail, and may not suggest that a defendant caused his condition." *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998). A lay plaintiff may be barred from providing opinions or conclusions, including his own opinions, about his medical condition, and similarly may not testify about what doctors have told him about his medical condition. *Barlow v. Riley*, 2013 U.S. Dist. LEXIS 74163, 2013 WL 2300762, at *2 (C.D. Ill. May 24, 2013). Still, a plaintiff may testify about his own perception of his symptoms, and his own perception of his physical and mental health, before and after the incident. *Barlow*, 2013 U.S. Dist. LEXIS 74163, 2013 WL 2300762, at *2; *Larsen v. Barrientes*, 2010 U.S. Dist. LEXIS 69419, 2010 WL 2772325, at *3-4 (N.D. Ind. July 12, 2010).

Here, the Plaintiff alleges that he was not properly treated for his blood pressure condition. See Pretrial Order, Doc. # 146, p.2. Though the Plaintiff does not

12

>provide any context as to what any of the individual Defendants did or did not do, he appears to attribute a fainting spell and other, nonspecific damages to his physical condition. While the Plaintiff may describe his health in general terms, he cannot be permitted to opine that any incident proximately caused his physical health problems or to offer a detailed medical diagnosis (or self-diagnosis) of his alleged injuries. He is not permitted to opine on medical causation. *See McQuiston v. Helms*, 2009 U.S. Dist. LEXIS 19141, 2009 WL 554101, at *11 (N.D. Ind. Mar. 4, 2009).

Defendants' Memorandum, pp. 2-3.

Stewart objects to this request, but again his argument is based on a misunderstanding.

Stewart contends as follows:

>In this instant case Dr. Coats has personal knowledge because Dr. Coats is the Doctor who diagnosed me with high blood pressure[.] [H]e is also my treating physician. . . . Therefore Dr. Coats has personal[] knowledge . . . and he can only speak on his personal observation [per]taining to his medical opinions, diagnoses, and treatment.

Plaintiff's Response, pp. 2-3. But the Defendants are not asking to exclude Dr. Coats' testimony; they are seeking to exclude laypersons, including Stewart himself, from offering medical opinions. Dr. Coats is listed as a potential witness in the Final Pre-Trial Order (*see* ECF No. 146, p. 5), so there is no need for Stewart to argue about the admissibility of his testimony. The Defendants' argument is correct. While Stewart "may testify about his own perception of his symptoms, and his own perception of his physical and mental health, before and after the incident[,] . . . he *cannot* be permitted to opine that any incident proximately caused his physical health problems or to offer a detailed medical diagnosis (or self-diagnosis) of his alleged injuries[,]" and it is the latter testimony that the Defendants seek to exclude.

The Defendants' motion in limine is GRANTED. Neither Stewart nor any lay witness will be permitted to offer opinions regarding medical diagnoses or causation.

13

**9. Evidence of financial conditions of the parties.**

The Defendants seek to exclude "[a]ny evidence of the financial conditions of the parties. The financial conditions of the Sheriff of Allen County, Allen County, Indiana, any individual Defendant or the Plaintiff are irrelevant and potentially prejudicial." Motion in Limine, p. 3. This is also a common and standard request in almost all trials. Evidence of the financial conditions of the Plaintiff or the Defendants is irrelevant to any issue in the case and such evidence could be unduly prejudicial.

Stewart does not object to this request and it is GRANTED. Stewart and any witnesses he may call are prohibited from mentioning or presenting to the jury any evidence concerning the financial conditions of either the Plaintiff or the Defendants.

**10. Statements about "torture" or references to other jails or prisons.**

The Defendants seek to exclude "[a]ny argument by the Plaintiff that the jury should 'send a message' or using the word 'torture' or similar noun or adjective or comparing confinement conditions at issue to Abu Ghraib, Guantanamo Bay or any other jail, prison or detention facilities." Motion in Limine, p. 3. The Court has already ruled that Stewart will be permitted to argue that the jury should "send a message" by awarding him damages. But the Defendants are also requesting that Stewart be prohibited from using inflammatory words like "'torture or similar noun or adjective" to describe his conditions of confinement at the Allen County Jail, or to compare the conditions in the Allen County Jail to other jails or prisons (notorious or otherwise), and this request is valid. Only the conditions to which Stewart was subjected while in the Allen County Jail from May to June of 2017 are relevant to this case.

This case involves allegations that the Defendants violated the Plaintiff's constitutional

14

rights while he was incarcerated. The jury must decide the claims presented based only on the facts and circumstances specific to Stewart's case. That is, the facts and conditions of his confinement at the Allen County Jail during May and June of 2017 are relevant, but Stewart will not be permitted to compare his conditions to those at any other jail or prison (notorious or otherwise). Nor will he be permitted to use words like "torture" to describe the conditions of his confinement. Even if Stewart believes that his confinement felt like "torture," that subjective belief is not evidence. The use of such a word, or references to conditions in other jails or prisons, would be an improper attempt to inflame the jury and will not be permitted.

Mr. Stewart may testify and present evidence of the conditions of his confinement only to the extent that they are relevant to his claims. To put it another way, Stewart will be permitted to testify and present evidence of the events that took place during his incarceration that he contends support his claims. He will *not*, however, be permitted to describe those events using inflammatory words like "torture" or to compare them to conditions in other jails or prisons. Both sides, in fact, must limit their testimony and other evidence to the "who, what, when, and how" facts of this case. Each side will present their testimony and evidence relevant to the events that occurred during Stewart's incarceration that gave rise to his claims. The use of inflammatory language is not evidence and could result in undue prejudice to the party against whom it is directed.

Accordingly, the Defendants' request is GRANTED. Stewart will be prohibited from using the inflammatory words, terms or names referred to in the Defendant's motion.

**Suggestion of Death of Defendant Richard Sievers.**

One final matter. On February 15, 2021, the Defendants filed a Suggestion of Death Upon

the Record, pursuant to Federal Rule 25(a)(1), notifying the Court and Stewart of "the death of Defendant, Richard Sievers on January 17, 2021." Suggestion of Death (ECF No. 150), p. 1. Federal Rule 25 provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed.R.Civ.P. 25(a)(1). Accordingly, either Stewart or the Defendants (or even Richard Siever's estate representative, if there is one) could file a motion for substitution to name Mr. Siever's estate, successor or representative as a defendant. Any such motion must be filed by May 16, 2021 (90 days after the filing of the Suggestion of Death) or Stewart's claim against Sievers must be dismissed. *See Karow v. Heyde*, No. 14-CV-395, 2016 WL 2731686, at *1 (W.D. Wis. May 10, 2016) (granting timely motion to substitute decedent's estate as a defendant); *Wilson v. Wexford Health Sources, Inc.*, No. 18-CV-498, 2019 WL 6468854, at *3 (S.D. Ill. Nov. 8, 2019), report and recommendation adopted, No. 18-CV-498, 2019 WL 6468332 (S.D. Ill. Dec. 2, 2019) (claim against deceased defendant dismissed where plaintiff failed to file motion to substitute party within 90 days after suggestion of death).

As of the date of this order, no motion for substitution has been filed in this case. The Court will take no action at this point, since the 90-day time period for filing a motion for substitution has not expired. However, the Court **cautions that if any party (or representative) intends to file a motion for substitution of defendant they should do so forthwith before the expiration of the 90-day deadline.**

## CONCLUSION

For the reasons explained above, the Defendants' Motion in Limine (ECF No. 148) is GRANTED in part and DENIED in part. Plaintiff Tyquan Stewart, as well as any witnesses he may call to testify at trial, may not mention, argue, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, those excluded items of evidence discussed above within the hearing of the jury or of the jury panel during voir dire, or during the course of the trial, without first obtaining the permission of the Court outside the presence and hearing of the jury.

Date: April 28, 2021.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
